UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62064-CIV-GAYLES/SELTZER

STEVEN J. BACKALUKAS, as assignee of
CHARMAYNE GOWDY,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendant, State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Enforce Non-Party Subpoenas and Compel Production of Documents from Non-Parties (the "Motion") [DE 22]. State Farm has subpoenaed documents from non-parties (1) J. Samantha Vacciana, Esq., and Trial Lawyers of Florida (f/k/a Trial Lawyers of Palm Beaches) (collectively "Vacciana"); and (2) Thomas Scolaro, Esq., and Leesfield Scolaro (collectively "Scolaro") and seeks an order compelling production.

Vacciana represented State Farm's insured, Charmayne Gowdy ("Gowdy"), and Scolaro represented Plaintiff, Steven J. Backalukas ("Backalukas"), in an underlying personal injury claim brought by Backaluklas against Gowdy. In the present case, Backalukas seeks to recover from State Farm the judgment he obtained pursuant to a Coblentz agreement he entered into with Gowdy. A Coblentz agreement is one in which an insurer that had refused to handle an insured's defense is "bound by the terms of a negotiated final consent judgment entered against the insured." Wrangen v. Pa.

Lumberman's Mut. Ins. Co., 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008). The insurer is bound by a Coblentz agreement "where (1) damages are covered under the policy; the insurer wrongfully refused to defend; and (3) the settlement is reasonable and made in good faith." Id. State Farm has subpoenaed records from Vacciana and Scolaro pertaining to the underlying claim in order to determine whether the settlement of that claim was reasonable and made in good faith.

In response to State Farm's notice of intent to subpoena Vacciana and Scolaro, Backalukas objected that the non-party subpoenas "are duplicative and create an unnecessary duplication of effort." Backalukas noted that he had already produced all non-privileged documents that he had obtained from Vacciana and Scolaro, and had also produced a privilege log. Thereafter, Vacciana and Scolaro each responded to the subpoenas by stating that their entire file had been produced to Backalukas' counsel and by adopting Backalukas' response. Neither Vacciana nor Scolaro produced a privilege log. State Farm filed the present Motion, asking the Court to compel production of the documents and overrule the claims of privilege on the basis of at-issue or subject-matter waiver. Kehle v. USAA Cas. Ins. Co., 2018 WL 2435176, at *5 (S.D. Fla. May 30, 2018) ("The subject-matter waiver doctrine provides that a party who injects into the case an issue that in fairness requires an examination of communications otherwise protected by the attorney-client privilege loses that privilege.") (quoting Cox v. Adm'r U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994)).

Upon receipt of State Farm's Motion, the Court entered an Order to Show Cause [DE 24] directing Vacciana and Scolaro to show cause why the Motion should not be granted. Vacciana and Scolaro each responded by filing a privilege log and by noting that the remaining requested documents had been produced [DE 33-1] [DE 29, 30].

Neither Vacciana nor Scolaro raised any arguments about the waiver or non-waiver of their claims of privilege.

The Court adopts the reasoning of Magistrate Judge Matthewman in Kehle v. USAA Cas. Ins. Co., 2017 WL 6729186 at *16 (S.D. Fla. Dec. 28, 2017), and former Magistrate Judge Rosenbaum in Wrangen, 593 F. Supp. 2d at 1280, and concludes that in a Coblentz case such as this, the defendant is entitled to discover the underlying facts concerning causation and liability, the agreement to settle the underlying claim, and the insured's decision to assign her rights under the policy. The defendant must be able to conduct discovery to defend against the plaintiff's claim that the settlement was reasonable and conducted in good faith. Id. at 1279. Thus, State Farm's non-party subpoenas seek information that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Kehle, 2017 WL 6729186, at *16.

In addition, the undersigned concludes that if otherwise privileged documents "indeed contain information which is directly relevant to the good faith basis or reasonableness" of the Coblentz agreement, "the at-issue waiver doctrine may apply" and render the documents subject to discovery. Kehle, 2018 WL 2435176, at * 7 (overruling work product privilege objections to certain emails between the Coblentz plaintiff's prior and current counsel). In Kehle, Judge Matthewman conducted an in camera ex parte review of the privileged documents and determined that certain documents were "directly relevant to whether the [Coblentz agreement] was reasonable and made in good faith, or the product of alleged improper collusion" and ordered those documents produced. Id. at **8-9.

In the present case, the undersigned is unwilling to order a wholesale production of privileged documents; the Court will instead conduct an in camera inspection of the

documents for which Vacciana and Scolaro claim privilege in order to determine whether the "at-issue" or "subject matter waiver doctrine" applies. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that State Farm's Motion to Enforce Non-Party Subpoenas and Compel Production of Documents from Non-Parties [DE 22] is **GRANTED IN PART.** Vacciana and Scolaro shall submit to the undersigned's chambers Bates-stamped copies of the documents contained on their respective privilege logs [DE 29] [DE 33-2] for an in camera ex parte inspection within seven(7) days of the date of this Order. Upon completion of the in camera review, the undersigned will enter an order determining which documents, if any, shall be produced.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of May 2019.

_____
BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF