UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62064-CIV-GAYLES/SELTZER

STEVEN J. BACKALUKAS, as assignee of
CHARMAYNE GOWDY,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Plaintiff's [ DE 53] Agreed Motion to Set Aside and Vacate Magistrate Judge's June 6, 2019 Order. Plaintiff seeks an order vacating an Order [DE 41] pertaining to non-party subpoenas issued by Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"). In that Order, the undersigned directed the non-parties to produce certain documents for which claims of privilege had been made. Shortly after the entry of the June 6, 2019 Order, the parties mediated this matter and entered into a settlement agreement [DE 51]. Plaintiff reports that the settlement agreement required State Farm's consent to the request to vacate the June 6, 2019 Order. The present motion was submitted in accordance with the parties' settlement agreement.

Rule 60(b)(6), Federal Rules of Civil Procedure, authorizes a court to relieve a party from a final judgment or order under certain circumstances. The Eleventh Circuit recently confirmed that a district court may vacate an order pursuant to a settlement in "exceptional circumstances." Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.,

828 F.3d 1331, 1333 (11th Cir. 2016). In determining whether to grant vacatur, the court must balance the equities of the benefit of settlement to the parties and to the judicial system against the "harm to the public in the form of lost precedent." Id. at 1336.

In this case, the parties have settled an intensely contested matter, which is of substantial benefit to both the parties and the judicial system. The Order in question is of limited precedential value, in that it addresses waiver of attorney client and work product privileges after an in camera inspection of documents. Thus, it is fact specific to the documents in question and the issues in this case. Having conducted the required balancing test, the undersigned concludes that the equities weigh in favor of vacatur of the June 6, 2019 Order. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Agreed Motion to Set Aside and Vacate Magistrate Judge's June 6, 2019 Order [DE 53] is **GRANTED**. The Court's June 6, 2019 Order [DE 41] is hereby **VACATED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of July 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF